IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHRISTIAN N. DAVIS** **#13608-045,** | § § § § | |
| Petitioner, | § § | |
| v. | § § | Civil Case No. **3:22-cv-01410-L-BT** |
| **UNITED STATES OF AMERICA,** | § § § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

The Findings, Conclusions, and Recommendation of the United Stated Magistrate Judge Rebecca Rutherford ("Report") (Doc. 19) was entered on November 15, 2023, recommending that the court deny Petitioner Christian N. Davis's ("Petitioner") Motion for Compassionate Release ("Motion") (Doc. 3). Mot. 1. On December 8, 2023, Petitioner filed a Motion for Extension to file Objections (Doc. 20), which the court subsequently granted (Doc. 21). Petitioner mailed his Objections to the Report (Doc. 22) on December 25, 2023, and it was received and filed by the clerk of court on January 5, 2024.

**I.    Background[1]**

In 1993, an Army general court-martial found Petitioner guilty for attempted premeditated murder, conspiracy to commit murder, premeditated murder, arson, and adultery, among other offenses, and sentenced him to life in prison with the possibility of parole. Report 1 n.1; Report 6. In 2002, the United States Parole Commission (USPC) gave Petitioner a "presumptive parole date"

---

[1] The court incorporates by reference the background section of the Report and restates only the portions relevant to ruling on Petitioner's objections to the Report.

**Memorandum Opinion and Order – Page 1**

of May 21, 2026; however, in 2015 the USPC rescinded his presumptive parole date[2] after conducting a "special reconsideration hearing to consider new adverse information." *Id.* at 2 (first citing Doc. 13 at 25, and then citing 28 C.F.R § 2.28(f)). In 2022, Petitioner was again denied parole. *Id.* Petitioner appealed the USPC's decision, but his appeal was denied. *Id.*

On June 30, 2022, Petitioner filed his Motion seeking "compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) [("Section 3582")], 28 U.S.C. § 2241 [("Section 2241")], and/or 28 U.S.C. § 1651 ["Section 1651")]." Mot. 1. Petitioner stated in his Motion that he recognizes that he "cannot turn to his sentencing court for compassionate release because it ceased to exist after [he] was sentenced since [he] was sentenced in a court-martial;" however, he argues that this court has jurisdiction pursuant to Section 2241 and Section 1651. *Id.* at 1-2. In support of granting his Motion, he argues that he is entitled to compassionate release because "(i) he has engaged in many rehabilitation efforts, (ii) he suffers from health issues; (iii) his convictions were based solely on circumstantial evidence; and (iv) he may be innocent of the criminal offenses of which he was convicted," and because he was unjustly denied parole. Report 3 (citing Mot. 2, 4, 8-11, 12-13, 4 16-41, 53-55). On July 19, 2022, Judge Rutherford issued an order stating that Petitioner's Motion:

> is not entirely clear under which source of law he is seeking relief. For example, his initial filing is styled a "Motion For Compassionate Release," and that filing mostly tracks the argument, law, and considerations normally addressed in a motion for compassionate release under [Section 3582]. However, [Petitioner] also references a petition for writ of habeas corpus under [Section 2241] and the All

---

[2] That Petitioner received a presumptive parole date does not entitle him to relief. As stated in the Report:

> "A presumptive parole date [is] contingent upon an affirmative finding by the [USPC] that the prisoner has a continued record of good conduct and a suitable release plan[.]" 28 C.F.R. § 2.12(d). In addition, "release . . . shall be conditioned upon the completion of a satisfactory plan for parole supervision." *Id.* § 2.28(e). The presumptive release date does not become effective until the USPC approves the plan for parole supervision. *Alexander v.* [*United States*] *Parole Comm'n*, 514 F.3d 1083, 1088 (10th Cir. 2008) (citing 28 C.F.R. § 2.28(e)). "The purpose of a pre-release review shall be to determine whether the conditions of a presumptive release date by parole have been satisfied. At least sixty days prior to a presumptive parole date, the case shall be reviewed on the record, including a current institutional progress report." 28 C.F.R. § 2.14(b)(1).

Report 17.

**Memorandum Opinion and Order – Page 2**

> Writs Act [Section 1651]. And [Petitioner] argues that he has been "unjustly denied parole," a claim appropriately raised in a [Section 2241] petition. [Petitioner] does not raise a specific argument under [Section 1651].
>
> The Court could construe [Petitioner's] initial filing as a motion for compassionate release under [Section 3582]. But a motion for compassionate release must be filed in the sentencing court. [Petitioner] was convicted under a general court-martial, so there is no still-existent sentencing court to address his motion for compassionate release. Under the circumstances presented, the Court will construe [Petitioner's] case as filed under [Section 2241].

Doc. 6 at 3 (citations omitted).

On July 25, 2022, Petitioner filed objections to Judge Rutherford's order indicating that, although he argues that he was wrongfully denied parole, he was not intending to file a petition for writ of habeas corpus pursuant to Section 2241, but instead argue that the allegedly wrongful denial of parole is another reason to grant him compassionate release. Doc. 8 at 1-3. Petitioner, however, also indicates that he included Section 2241 and Section 1651 "to invite the [c]ourt in this novel situation to recharacterize my motion to be either [Section 2241] or [Section 1651] petition <u>only if such was necessary</u> to grant me compassionate release." *Id.* at 2 (emphasis in original).

On August 2, 2022, Judge Rutherford vacated her July 19 order and stated that the court will view Petitioner's Motion "as hybrid in nature and consisting of a motion for compassionate release and a [Section] 2241 petition," and ordered the Government to file a response to Petitioner's Motion within 30 days. Doc. 9. After the briefing was complete, Judge Rutherford issued the Report addressing all three statutes separately.

## II.   Section 3582

Regarding Petitioner's claim for compassionate release pursuant to Section 3582, the Report concluded that the court lacks jurisdiction over his claim because this court is not the sentencing court, and because a federal court, such as this court, lacks the authority to exercise appellate jurisdiction over the administration of criminal justice in the military. Report 5-7.

**Memorandum Opinion and Order – Page 3**

Alternatively, the Report finds that even if this court had jurisdiction, Petitioner has "failed to demonstrate 'extraordinary and compelling reasons' to warrant compassionate release. *Id.* Petitioner's objects to both of the Report's conclusions.

    A. <u>Jurisdiction</u>

Petitioner first objects to the Report's conclusion and argues that it "incorrectly claims that this [c]ourt cannot grant me a compassionate release simply because it was not the court of the U.S. Judiciary which sentenced me." Specifically, Petitioner quotes *In re Kawai*, No. MC 2022-02, 2022 WL 1668374, at *3 (A.F. Ct. Crim. App. May 25, 2022), which held that

> "A motion to file for compassionate release can only be brought before the sentencing judge." Yet, "[g]eneral courts-martial are ad hoc proceedings which dissolve after the purpose for which they were convened has been resolved." Because Petitioner's court was dissolved after his case, and because his case is final under Article 76, UCMJ, there is no sentencing court within the military service courts in which Petitioner may bring a motion under [Section 3582].
>
> However, Congress has charged federal district courts with exercising jurisdiction over habeas corpus petitioners who are imprisoned as a result of court-martial convictions. Federal district court is also the proper venue for Petitioner's motion.

*Id.* (citations omitted); *see also Qaasim v. Warden, FCC Coleman - Low*, No. 5:23-CV-175-TPB-PRL, 2023 WL 2691681 (M.D. Fla. Mar. 29, 2023) (stating that based on *In re Kawai* "district court likely has jurisdiction over a court-martialed petitioner's [Section] 3582 motion because there is no sentencing court for petitioner to file the motion").

First, the opinions of the Air Force Court of Criminal Appeals and the Middle District of Florida are not binding on this court. Second, the Fifth Circuit has held that only the sentencing court has jurisdiction to consider a motion for compassionate release. *See Landazuri v. Hall*, 423 Fed. Appx. 475, 476 (5th Cir. 2011) ("Because [Petitioner] did not file this [Section 3582] challenge to his sentence in the court in which he was sentenced, the district court ruled correctly

**Memorandum Opinion and Order – Page 4**

that it lacked jurisdiction to consider it.") (first citing *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000); then citing *United States v. Meza*, 620 F.3d 505, 507 (5th Cir. 2010)).

Petitioner admits in his Motion that a request for compassionate release should be heard before the sentencing court; however, he argues in the Motion, and again in his Objection that the sentencing court "ceased to exist" and he cannot "turn to any other military court because the [Uniform Code of Military Justice ("UCMJ")] does not give any military court any 'compassionate release' power." Motion 1; Obj. 3-4; *see also* Doc. 8 at 4 ("[T]o construe the law in such a way that excludes court-martialed prisoners like me from the right/privilege[,] because an Act of Congress caused there to be no "sentencing court" for court-martialed prisoners to turn to[,] would deny me the equal opportunity to compassionate release that "civilian" federal prisoners have since their "sentencing court" still exist, even if the judge who sentenced the motioning prisoner is no longer a judge of the court.").

Although this court recognizes that Petitioner's sentencing court no longer exists, federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).

Therefore, absent the Fifth Circuit, Supreme Court, or Congress specifically stating that a district court has jurisdiction to consider a Section 3582 motion from a prisoner who was sentenced by a court-martial, this court **concludes** that it does not have jurisdiction to consider Petitioner's Motion pursuant to Section 3582. While this may be considered a harsh result, this court is duty-

**Memorandum Opinion and Order – Page 5**

bound by the precedent of the Fifth Circuit and Supreme Court. Accordingly, Petitioner's first objection is **overruled.**

### B. Alternative Conclusion on the Merits

Petitioner's second and third objections pertain to the Report's alternative conclusion—finding that the Motion fails on the merits—if the court finds that it does have jurisdiction. *See* Report 7-16; Obj. 2. The court, however, determines that it does not have jurisdiction to consider Petitioner's Motion pursuant to Section 3582, and it **overrules** these objections because they are moot.[3]

---

[3] Even assuming that the court had jurisdiction to consider the merits of Petitioner's request for compassionate release pursuant to Section 3582, the court would agree with the Report's findings regarding Section 3582.

In considering the Motion, Report, the applicable sentencing factors provided in 18 U.S.C. § 3553(a), and the non-binding policy statements issued by the United States Sentencing Commission, the court would have to conclude that Petitioner's request for compassionate release must be denied. *See United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021) (clarifying that district courts are not bound by the policy statement found at U.S.S.G. § 1B1.13, or its commentary, when addressing a motion for compassionate release brought directly by a prisoner).

Relying on its own judgment, the court would find no compelling or extraordinary reasons for a sentence reduction under § 3582(c)(1)(A)(i). Petitioner seeks a sentence reduction based on the nature and circumstances of his offenses, his medical issues, COVID-19, and his treatment and rehabilitation efforts during incarceration. These arguments, however, would present no unique or extenuating circumstances, separately or in combination, that would suffice to show extraordinary and compelling reasons for compassionate release. *See United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023) (explaining that prisoners can seek relief under § 3582(c)(1)(A)(i) only "when they face some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner." (citation omitted)).

Further, in support of his Motion, Petitioner provided a list of his health problems outlined by prison personnel. The medical list does not show that he suffers from any terminal or untreatable medical conditions, or that his ability to provide self-care is substantially diminished by his medical conditions. Additionally, general concerns about COVID-19 and/or fear of infection without more are simply insufficient to invoke § 3582(c)(1)(A). *United States v. Thompson*, 984 F.3d 431, 435 (5th Cir. 2021) ("Fear of COVID [does not] automatically entitle a prisoner to release."). Even if there were extraordinary and compelling reasons for a sentence reduction, based on the record as a whole and after weighing the 18 U.S.C. § 3553(a) sentencing factors, the court would find, in its discretion, that they do not support Petitioner's request for a sentence reduction. *See United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (finding "compassionate release is discretionary, not mandatory, and c[an] be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)."). The nature and circumstances of Petitioner's offense in this case and his history and characteristics do not justify a reduced sentence.

Petitioner is currently incarcerated for attempted premeditated murder, conspiracy to commit murder, premeditated murder, arson, and adultery, among other offenses. Reducing Petitioner's sentence would not adequately reflect the seriousness of his offense, promote respect for the law, provide just punishment for the offense, adequately deter criminal conduct, or protect the public from further crimes. Moreover, even considering his treatment and rehabilitation efforts, the court would find that the § 3553(a) factors do not support a sentence reduction at this time. *See Concepcion v. United States*, 597 U.S. 481, 486 (2022) ("[A] district court adjudicating a motion under the First

**Memorandum Opinion and Order – Page 6**

III.     Section 2241

Unlike motions for compassionate release under Section 3582, the Supreme Court has held that "federal civil courts have jurisdiction" to hear a court-martialed prisoner's habeas corpus applications because, by statute, "Congress has charged them with this power." *Burns v. Wilson*, 346 U.S. 137, 138 (1953) ("The statute which vests federal courts with jurisdiction over applications for habeas corpus from persons confined by the military courts is the same statute which vests them with jurisdiction over the applications of persons confined by the civil courts.") (citing 28 U.S.C. § 2241).

As to Petitioner's claim that he is was unjustly denied parole pursuant to Section 2241, the Report concludes that this claim fails because the USPC had "'some evidence' to support its decision to rescind [Petitioner's] presumptive parole date" and "sufficient evidence to decline to grant parole." *Id.* at 16-26. Petitioner's fourth objection largely mirrors the objection he filed to Judge Rutherford's, now vacated, order construing his Motion as a petition for writ of habeas corpus under Section 2241. Obj. 1. Specifically, Petitioner argues that the Report "erroneously claims that since [he is] simply trying to challenge [his] denial of parole, [his] 'motion for compassionate release' should be construed to be a [Section] 2241." Obj. 1-2.

It is clear, however, that Petitioner does not want the court to consider his filing as a petition for writ of habeas corpus, **unless** doing so would inevitably grant the relief requested: compassionate release. *See* Doc. 8 (arguing that the court may "recharacterize my motion to be either [Section] 2241 or [Section] 1651 petition <u>only if such was necessary</u> to grant me compassionate release."). Therefore, Judge Rutherford—after concluding that his claims under

---

Step Act may consider other intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison) in adjudicating a First Step Act motion."). Accordingly, Petitioner's second and third objections would have been **overruled.**

Section 3582 fail—addressed Petitioner's alternative argument for compassionate release pursuant to Section 2241. The Report, also, makes clear that Judge Rutherford considered all of Petitioner's arguments—including his argument that he was wrongfully denied parole—in considering the merits of granting him compassionate release pursuant to Section 3582, before she addressed an alternative Section 2241 motion. *See* Report 14. Accordingly, Petitioner's fourth objection is **overruled**.

### IV.  Section 1651

Petitioner's Motion also makes several references to Section 1651 as an alternative ground to grant his Motion. *See* Report 26. Section 1651 provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Specifically, Petitioner requests the court issue an "extraordinary writ," which the court construes as requesting a writ of *coram nobis*. *See* Mot. 18.

A writ of coram nobis is "an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate civil disabilities as a consequence of the conviction[.]" *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004) (quoting *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir.1996)); *see also United States v. Hatten*, 167 F.3d 884, 887 n.6 (5th Cir. 1999) (citing *United States v. Castro*, 26 F.3d 557, 559 (5th Cir. 1994)). The Report, therefore, concludes that "to the extent [Petitioner] seeks relief on a petition for writ of *coram nobis*, his claim fails on the merits" because Petitioner remains in custody and a writ of *coram nobis* is only available to persons no longer in custody. *Id.* at 26-28. Petitioner did not object to this conclusion. The court agrees with the Report's conclusion because Petitioner is in custody.

## V.     Conclusion

Having reviewed the Motion, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **denies** Petitioner's Motion (Doc. 3); **dismisses without prejudice** Petitioner's claim pursuant to Section 3582; and **dismisses with prejudice** Petitioner's claims pursuant to Section 2241 and Section 1651. Pursuant to Federal Rule of Civil Procedure 58, the court will issue a judgment by separate document.

**It is so ordered** this 25th of January, 2024.

Sam A. Lindsay
United States District Judge